IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DONALD CHARLESTON, # R-13355,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-1273-NJR |
| | ) | |
| **ILLINOIS DEPARTMENT of CORRECTIONS,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving a three-year sentence. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

The brief complaint names only the Illinois Department of Corrections ("IDOC"), or its Director, as a Defendant (Doc. 1, p. 1). To supplement his statement of claim, Plaintiff has attached two grievances which he filed on September 15 and 16, 2014 (Doc. 1, pp. 8-9). Plaintiff states that he is disabled and has seizures. Because of his medical condition, he cannot climb stairs. He had been given "low gallery" and "low bunk" permits, which were documented in his prison record. This record also showed that he was disabled and was not to climb stairs. In September 2014, however, he was required to attend school at Vienna and made to climb stairs to get to the classroom.

The first day Plaintiff went to class (September 15), he was given some help to climb the stairs (Doc. 1, p. 5). His leg gave out and he almost fell, but he caught himself with the bannister (Doc. 1, p. 8). He wrote an emergency grievance that day stating that he could not climb the

stairs because of his medical condition, and he did not need to attend classes because he already had a G.E.D. and some college.

The second day (September 16), Plaintiff had to climb the steps with no help, and he fell (Doc. 1, pp. 5, 9). He was not hurt. He wrote another emergency grievance asking to be excused from the education program so he would not have to climb the stairs. The warden ordered both grievances to be expedited as emergency matters (Doc. 1, p. 8-9).

In response to Plaintiff's grievances, he was sent to the doctor again and was given a waiver on September 23, 2014, so that he would no longer be made to climb stairs (Doc. 1, pp. 6-7). His grievances were ruled to be moot.

Plaintiff does not request any relief whatsoever in the complaint (Doc. 1, p. 6). The only clue as to what he might be seeking is contained in the second grievance: "I would like to see a lawyer to figure out my legal rights as a disabled person" (Doc. 1, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that this pleading fails to state a claim upon which relief may be granted. For this reason, the complaint will be dismissed. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies discussed below. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice to refiling, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review pursuant to § 1915A.

The Court notes that the complaint hints at three possible claims:

**Count 1:** Eighth Amendment deliberate indifference claim against any prison employee(s) who required Plaintiff to climb the stairs to attend class, despite their knowledge that he was unable to climb stairs and that doing so would place him at risk of bodily harm;

**Count 2:** Claim against the Illinois Department of Corrections or against a prison official in his/her official capacity under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132;

**Count 3:** Claim against the Illinois Department of Corrections or against a prison official in his/her official capacity under the Rehabilitation Act ("RA"), 29 U.S.C. § 794.

**Count 1 – Eighth Amendment Claim**

Plaintiff cannot proceed with an Eighth Amendment claim against the Illinois Department of Corrections. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Instead, Plaintiff must identify the individual prison employee(s) at Vienna who were directly, personally involved in placing him at risk of harm by forcing him to climb the stairs. Furthermore, a defendant may only be liable for deliberate indifference if he or she *knew* about a substantial risk of harm to the plaintiff, yet consciously disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A negligent act does not violate the Constitution. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Without more facts, the Court cannot discern whether Plaintiff may have a viable deliberate indifference claim. If he believes he does, he may include this claim in his amended complaint.

**Count 2 – Americans with Disabilities Act**

Title II of the ADA prohibits public entities from denying qualified individuals with disabilities the opportunity to participate in the services, programs, or activities of the public entity because of their disabilities, and it prohibits discrimination against disabled individuals by a public entity. 42 U.S.C. § 12132. A prison inmate may sue state officials in their official capacity for prospective injunctive relief under Title II. *Brueggeman ex rel. Brueggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003). Damages may also be available under Title II, if the state actor's conduct violated the Eighth Amendment as well as the ADA. *See United States*

*v. Georgia*, 546 U.S. 151 (2006).

Because Plaintiff states that he has already been given a medical waiver to exempt him from having to climb stairs, the complaint does not indicate that any further injunctive relief would be necessary. As to damages, the original complaint does not contain sufficient information to discern whether Plaintiff might proceed with such a claim. If Plaintiff wishes to assert a claim under the ADA, he may do so in the amended complaint.

**Count 3 – Rehabilitation Act**

Under the Rehabilitation Act, an "otherwise qualified individual with a disability" cannot be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" on account of his or her disability. 29 U.S.C.A. § 794(a). Because all state prisons receive some federal funding, a disabled state prisoner may have a cause of action under the Rehabilitation Act for a denial of access to employment or rehabilitative programs. An RA claim may exist even if the plaintiff does not have an ADA claim. *See Jaros v. Illinois Dep't. of Corrections*, 684 F.3d 667 (7th Cir. 2012); *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012).

In this case, had Plaintiff desired to participate in the educational program at Vienna but been prevented from doing so by officials' failure to make the facility accessible to him, he might have a claim under the RA. Because Plaintiff wanted to be excused from attending classes and was given the accommodation he requested, however, no RA claim is apparent from the complaint. If Plaintiff wishes to assert a Rehabilitation Act claim, he may do so in the amended complaint.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be held in abeyance pending the receipt of Plaintiff's amended complaint.

The motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) shall be addressed in a separate order, following the receipt of Plaintiff's inmate trust account records for the six months preceding the filing of this action. If Plaintiff fails to submit his account records by January 9, 2015, as previously ordered (Doc. 6), this action shall be subject to dismissal. Plaintiff shall note that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, even if the action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**Disposition**

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before **January 8, 2015**). It is strongly recommended that Plaintiff use the form designed for use in this district for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number **14-cv-1273-NJR**. The amended complaint shall present each claim in a

---

[1] A plaintiff who is granted leave to proceed IFP pays a $350.00 filing fee; non-indigent plaintiffs must pay a fee of $400.00. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

separate count as designated by the Court above. In each count, Plaintiff shall specify, *by name*,[2] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the incidents giving rise to Plaintiff's claims. Plaintiff should attempt to include the facts of his case in chronological order, inserting names of defendants where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. If the First Amended Complaint does not conform to these requirements, it will be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

---

[2] Plaintiff may designate an unknown Defendant as John or Jane Doe, but he should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification. As noted above, an ADA or RA claim may be pursued only against a prison official in his/her official capacity or against the IDOC.

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 4, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge