IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD CHARLESTON, # R-13355,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs.     ) | Case No. 14-cv-1273-NJR |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS,** ) | |
| **JOHN DOE ASSIGNMENT OFFICER,** ) | |
| **MRS. JEFFERS,** ) | |
| **and WARDEN HILLIARD,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for a threshold review of Plaintiff's First Amended Complaint (Doc. 10) pursuant to 28 U.S.C. § 1915A. The amended pleading was filed at the direction of the Court, after Plaintiff's original complaint was dismissed without prejudice for failure to state a claim (Doc. 7). Under § 1915A, the Court is required to review the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Plaintiff's claims arose during his incarceration at Vienna Correctional Center ("Vienna"). His brief statement of claim states first that the John Doe Defendant Assignment Officer "should have been aware of [Plaintiff's] conditions"[1] (Doc. 10, p. 5). He next alleges

---

[1] The amended complaint fails to include any description of Plaintiff's physical condition, other than the fact that he is unable to climb stairs. He did not re-file the grievances that he had included as exhibits with the original complaint, and which contained additional information as to his medical condition. Plaintiff was informed that he should re-file any exhibits that he wished to have the Court consider along with his amended complaint, because the original complaint and all attachments would be superseded and

that Defendant Jeffers "forced" him to climb the steps to go to school, under threat of a disciplinary ticket, even though Plaintiff told her that he could not climb steps, showed her his permits for a bottom bunk and lower gallery, and informed her that he already had a GED and some college. *Id*. On the first day of school, two other inmates helped Plaintiff up the steps. Later, he fell down the steps and caught himself before he hit the bottom step. Finally, he states that Defendant Warden Hilliard is responsible for all the employees at Vienna, which includes the other Defendants.

Plaintiff notes that he wrote two grievances over his situation. As a result, he "was immediately removed from school and from climbing stairs" (Doc. 1, p. 4). He seeks monetary damages from all Defendants (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

As stated above, under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

replaced by the amended pleading. Nonetheless, the inclusion of these grievances would not change the Court's analysis of the amended complaint.

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in the amended complaint, the Court concludes that this pleading also fails to state a claim upon which relief may be granted, and the complaint shall be dismissed. Plaintiff was warned that if his amended complaint failed to state a claim, the entire case would be dismissed with prejudice to refiling (Doc. 7, p. 3). He also was advised that such a dismissal will count as a strike pursuant to § 1915(g).

In the original threshold order, the Court noted that the original complaint suggested three possible claims:

> **Count 1:** Eighth Amendment deliberate indifference claim against any prison employee(s) who required Plaintiff to climb the stairs to attend class, despite their knowledge that he was unable to climb stairs and that doing so would place him at risk of bodily harm;
>
> **Count 2:** Claim against the Illinois Department of Corrections or against a prison official in his/her official capacity under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132;
>
> **Count 3:** Claim against the Illinois Department of Corrections or against a prison official in his/her official capacity under the Rehabilitation Act ("RA"), 29 U.S.C. § 794.

(Doc. 7, p. 3). The amended complaint shall be examined within the framework of these potential claims; the statement of claim does not suggest any other potential constitutional

violations.

**Count 1 – Deliberate Indifference**

The facts recited in the amended complaint point to only one Defendant who required Plaintiff to climb the stairs to attend class – Defendant Jeffers. Plaintiff states that he showed her his low-bunk and low-gallery permits and told her he could not climb steps. She thus had some information to indicate that Plaintiff could be at risk if he attempted to go up the stairs to the classroom. Nevertheless, she insisted that he come to class or face disciplinary action.

An Eighth Amendment claim includes both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). The objective component requires Plaintiff to demonstrate that he suffered from a sufficiently serious deprivation, creating an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component of unconstitutional punishment focuses on the state of mind of the defendant, which must demonstrate deliberate indifference to a substantial threat to the prisoner's health or safety. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

The amended complaint does not indicate that Plaintiff suffered any injury of constitutional dimension. In order to implicate the Eighth Amendment's prohibition against cruel and unusual punishment, the harm or risk must be substantial. To be actionable, the deprivation must be "extreme." *Delaney v. DeTella*, 256 F.3d 679, 682-83 (7th Cir. 2001). Here, Plaintiff did face some level of risk for two days because of Defendant Jeffers's refusal to excuse him from class – but as a result of his grievances, that risk was "immediately removed." He never claims that he sustained any physical injury.

Even though Defendant Jeffers threatened to write him a ticket, Plaintiff ultimately made

the choice to climb the stairs – first with help from other inmates -- and later on his own. Had he chosen not to climb the steps, he might have incurred a disciplinary ticket from Defendant Jeffers. If so, he would have had the opportunity to defend himself by showing that his physical condition and medical permits should have excused him from complying with Defendant Jeffers's orders. Given this option, and the fact that the grievance process quickly resolved Plaintiff's dilemma, the amended complaint does not demonstrate an excessive, objectively serious risk of harm to Plaintiff's health or safety. Because the objective component is not satisfied, it is not necessary to assess Defendant Jeffers's subjective intent with reference to Plaintiff's situation. To summarize, the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted.

Plaintiff's inclusion of the John Doe Assignment Officer is unavailing. He alleges only that this officer "should have been aware" of his conditions. This is a negligence standard; it does not suggest any deliberate indifference to an excessive risk of harm. Negligence does not violate the Constitution. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Further, Plaintiff fails to connect this Defendant in any way to the problem of being required to climb stairs.

Likewise, no claim is stated against Defendant Warden Hilliard. Even if the complaint had stated a claim against another prison employee, that alone would not implicate the warden. Plaintiff's rationale for including Defendant Hilliard in the suit is that he is "responsible for his employees." But this theory of supervisory liability does not apply in a civil rights action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* is not applicable to § 1983 actions). Instead, a prison official may only be held liable if s/he was "personally responsible for the deprivation of a constitutional right." *Id.*

**Counts 2 and 3 – ADA and RA Claims**

Plaintiff's First Amended Complaint fails to include any reference to the ADA or the RA, and he does not claim that he suffered from a disability that might bring him within the protections of either statute. Therefore, he has abandoned these claims, and they need not be considered further.

Similarly, Plaintiff did not include the Illinois Department of Corrections as a Defendant in the First Amended Complaint, and the pleading contains no facts to suggest a viable claim against this agency.

### Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the remaining unpaid portion of the $350.00 filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v.*

*Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

    **IT IS SO ORDERED.**

    **DATED: July 23, 2015**

    _____
    **NANCY J. ROSENSTENGEL**
    **United States District Judge**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).